**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Robert E. Blackburn, Judge**

Civil Action No. 14-cv-02274-REB-KLM

BRYAN McQUEARY, on behalf of himself and others similarly situated,

    Plaintiff,

v.

CONFLUENCE ENERGY, LLC,

    Defendant.

---

### ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION

---

**Blackburn, J.**

    This matter is before me on the **Unopposed Motion for Court Approval of**

**Notice to Potential Class Members and Consent Form** [#19][1] filed December 31,

2014.  The motion is unopposed and is granted.

### I.  JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and

29 U.S.C. § 216(b) (Fair Labor Standards Act).

### II.  STANDARD OF REVIEW

    This case involves alleged violations of the wage provisions of the Fair Labor

Standards Act (FLSA or Act).  The plaintiff seeks to pursue a collective action under the

Act on behalf of himself and other similarly situated current and former Solids Control

Technicians employed by the defendant, Confluence Energy, LLC.  Section 216(b) of

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA. *See* 29 U.S.C.A. § 216(b); ***Brown v. Money Tree Mortgage, Inc.***, 222 F.R.D. 676, 678-79 (D. Kan. 2004). Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); ***In re American Family Mutual Insurance Co. Overtime Pay Litigation***, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated." The Tenth Circuit has adopted a two-step analysis governing this determination. At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." ***Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), ***cert. denied***, 536 U.S. 934 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any supporting affidavits filed by plaintiffs. ***Brown***, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. ***Id.*** at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that

2

point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action.  In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." ***Brown***, 222 F.R.D. at 679 (citing ***Thiessen***, 267 F.3d at 1103).

### III.  FACTS

According to the plaintiff, the defendant employed the plaintiff and other persons as Solids Control Technicians and paid these workers as day rate workers.  The day rate workers allegedly are and were paid based only on the number of days they worked.  Often, the plaintiff alleges, he and other day rate workers regularly worked 84 or more hours per week, but they were not paid overtime for hours worked in a week in excess of 40 hours.

### IV.  ANALYSIS

The actions alleged in the complaint [#1], if proven, violate the provisions of the FLSA.  Further, the allegations in the complaint constitute substantial allegations that the plaintiff and other employees of the defendant were together the victims of a single decision, policy, or plan of the defendants.

The proposed **Notice of Collective Action Lawsuit** shown at Exhibit A to the motion [#19] generally provides adequate notice to potential plaintiffs and is approved, with one addition.  The **Consent Form To Join Lawsuit** proposed by the plaintiffs, also

shown at Exhibit A to the motion [#19] is approved.  The **Notice of Collective Action**

**Lawsuit** delivered to potential plaintiffs shall provide that any and all completed consent

forms must be received by counsel for plaintiffs by a date specified in the notice.  The

date by which such forms must be received shall be no more than 60 days after the

date on which the **Notice of Collective Action Lawsuit** is mailed to potential plaintiffs.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Unopposed Motion for Court Approval of Notice to Potential**

**Class Members and Consent Form** [#19] filed December 31, 2014, is **GRANTED** on

the terms stated in this order;

2.  That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as

a collective action concerning the claims of the named plaintiff under the Fair Labor

Standards Act on behalf of all current and former Solids Control Technicians employed

by Confluence Energy, LLC who were paid on a day rate basis and who worked more

than forty hours in any work week;

3.  That with the amendment specified in this order, the **Notice of Collective**

**Action Lawsuit** shown at Exhibit A to the motion [#19] is **APPROVED**;

4.  That the **Consent Form To Join Lawsuit** also shown at Exhibit A to the

motion [#19] is **APPROVED**;

5.  That the **Notice of Collective Action Lawsuit SHALL PROVIDE** that any

and all completed consent forms must be received by counsel for plaintiffs by a date

specified in the notice, which date shall be no more than sixty (60) days after the date

4

on which the **Notice of Collective Action Lawsuit** first is mailed to potential plaintiffs;

6.  That within fourteen (14) days of the entry of this order, defendant Confluence Energy, LLC, **SHALL PROVIDE** to the plaintiff the names and addresses of all current and former Solids Control Technicians employed by the defendant on or after August 15, 2011;

7.  That within twenty (20) days after mailing the **Notice of Collective Action Lawsuit** to potential plaintiffs, the plaintiff **SHALL PROVIDE** to the defendant information received regarding mail addressed to potential plaintiffs which is undeliverable;

8.  That within ten (10) days of receiving information concerning such undeliverable mail, the defendant **SHALL PROVIDE** to the plaintiff alternate contact information for potential plaintiffs for whom mail is undeliverable, including e-mail addresses, if any;

9.  That the mailing of notice to potential plaintiffs **SHALL BE LIMITED** to the **Notice of Collective Action Lawsuit** and the **Consent Form to Join Lawsuit** as approved in this order;

10.  That potential plaintiffs **SHALL BE** provided sixty (60) days from the date of the first mailing of the notice to return the consent form and become an opt-in plaintiff in this lawsuit;

11.  That thirty (30) days after the initial mailing, the plaintiff **MAY SEND** a reminder notice by mail under the same conditions as the first notice mailing;

12.  That the reminder notice **SHALL BE** identical to the to the **Notice of**

**Collective Action Lawsuit** and the **Consent Form to Join Lawsuit** approved in this

order, except that the title may read "Reminder Notice to Potential Class Members"; and

    13.   That the deadline to return the consent form **SHALL NOT BE EXTENDED**

by the mailing of a reminder Notice;

    Dated March 12, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge